IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| MONSTER ENERGY COMPANY,<br><br>  Plaintiff,<br><br>v.<br><br>THE PARTNERSHIPS and UNINCORPORATED ASSOCIATIONS IDENTIFIED ON SCHEDULE "A",<br><br>  Defendants. | Case No. 24-cv-07529<br><br>**Judge Jeremy C. Daniel**<br><br>**Magistrate Judge Jeffrey T. Gilbert** |

**PRELIMINARY INJUNCTION ORDER**

THIS CAUSE being before the Court on Plaintiff Monster Energy Company ("Plaintiff" or "MEC") Motion for Entry of a Preliminary Injunction as to certain defeendants, and this Court having heard the evidence before it hereby GRANTS Plaintiff's Motion for Entry of a Preliminary Injunction in its entirety against Defendant Nos. 1-21, the fully interactive, e-commerce stores[1] operating under the seller aliases identified in Schedule A attached hereto (collectively, the "Seller Aliases").

This Court further finds that it has personal jurisdiction over the Defendants since the Defendants directly target their business activities toward consumers in the United States, including Illinois. Specifically, Defendants have targeted sales to Illinois residents by setting up and operating e-commerce stores that target United States consumers using one or more Seller Aliases, offer shipping to the United States, including Illinois, accept payment in U.S. dollars and/or funds from U.S. bank accounts, and have sold products bearing unauthorized copies of the

---

[1] The e-commerce store urls are listed on Schedule A hereto under the Online Marketplaces.

1

Monster Energy Copyrighted Works (including U.S. Copyright Registration Nos. VA 1-789-900, VA 1-433-242) and/or using infringing and counterfeit versions of the federally registered Monster Energy trademarks (the "MONSTER ENERGY Trademarks") (included in the chart below) to residents of Illinois.

| REGISTRATION NUMBER | REGISTERED TRADEMARK |
|---|---|
| 3,057,061<br>4,036,681<br>3,044,315<br>4,036,680<br>5,820,689<br>5,661,940 | MONSTER ENERGY |
| 2,903,214 | (Monster claw logo) |
| 4,051,650 | (Monster claw logo) |
| 3,963,669 | (Monster claw logo) |

| **REGISTRATION NUMBER** | **REGISTERED TRADEMARK** |
|---|---|
| 3,963,668 | (Monster claw "M" logo) |
| 4,011,301 | (Monster claw "M" logo) |
| 4,822,675 | (Monster claw "M" logo) |
| 3,134,841 | (Monster claw "M" logo with MONSTER ENERGY text) |
| 3,923,683 | (Monster claw "M" logo with MONSTER ENERGY text) |

| REGISTRATION NUMBER | REGISTERED TRADEMARK |
|---|---|
| 3,908,601 | |
| 3,908,600 | |
| 3,914,828 | |
| 4,332,062 | |
| 4,660,598 | |
| 3,134,842<br>3,044,314 | M MONSTER ENERGY |
| 4,634,053 | MONSTER ASSAULT |
| 3,959,457 | JAVA MONSTER |

4

| REGISTRATION NUMBER | REGISTERED TRADEMARK |
|---|---|
| 3,852,118 | LO-CARB MONSTER ENERGY |
| 5,570,782 | [Monster Energy logo] |
| 5,580,962 | [Monster claw logo] |
| 5,551,192 | MONSTER ARMY |
| 5,551,230 | [Monster Army eagle crest logo] |
| 5,022,676 | [Monster claw logo] |
| 4,865,702 | [Monster Energy logo] |

| REGISTRATION NUMBER | REGISTERED TRADEMARK |
|---|---|
| 5,889,011 | (Monster claw "M" logo) |
| 6,451,182 | MONSTER (stylized) |
| 6,760,278 | MONSTER |

This Court also finds that injunctive relief previously granted in the Temporary Restraining Order ("TRO") should remain in place through the pendency of this litigation and that issuing this Preliminary Injunction is warranted under Federal Rule of Civil Procedure 65. Evidence submitted in support of this Motion and in support of Plaintiff's previously granted Motion for Entry of a Temporary Restraining Order establishes that Plaintiff has demonstrated a likelihood of success on the merits; that no remedy at law exists; and that Plaintiff will suffer irreparable harm if the injunction is not granted. Specifically, Plaintiff has proved a *prima facie* case of trademark infringement because (1) the MONSTER ENERGY Trademarks are distinctive marks and are registered with the U.S. Patent and Trademark Office on the Principal Register, (2) Defendants are not licensed or authorized to use the MONSTER ENERGY Trademarks, and (3) Defendants' use of the MONSTER ENERGY Trademarks is causing a likelihood of confusion as to the origin or sponsorship of Defendants' Unauthorized Monster Energy Products with Plaintiff. Plaintiff has also proved a *prima facie* case of copyright infringement because Plaintiff has demonstrated that (1) Plaintiff is the owner of valid and enforceable Monster Energy Copyrights, and (2) Defendants, without any authorization from Plaintiff, or any right under the law, have deliberately copied,

6

displayed, distributed, reproduced, and/or made derivate works incorporating the Monster Energy Copyrights on the Defendants' Online Marketplaces and the corresponding Unauthorized Monster Energy Products. Furthermore, Defendants' continued and unauthorized use of the MONSTER ENERGY Trademarks and copying of the Monster Energy Copyrighted Works irreparably harms Plaintiff through diminished goodwill and brand confidence, damage to Plaintiff's reputation, loss of exclusivity, and loss of future sales. Monetary damages fail to address such damage and, therefore, Plaintiff has an inadequate remedy at law. Moreover, the public interest is served by entry of this Preliminary Injunction to dispel the public confusion created by Defendants' actions. As such, this Court orders that:

1. Defendants, their affiliates, officers, agents, servants, employees, attorneys, confederates, and other persons acting in active concert or participation with them be preliminarily enjoined and restrained from:

    a. using the MONSTER ENERGY Trademarks or any reproductions, counterfeit copies or colorable imitations thereof in any manner in connection with the distribution, marketing, advertising, offering for sale, or sale of any product that is not a genuine Monster Energy product or not authorized by Plaintiff to be sold in connection with the MONSTER ENERGY Trademarks;

    b. reproducing, distributing copies of, making derivative works of, or publicly displaying the Monster Energy Copyrighted Works in any manner without the express authorization of Plaintiff;

    c. passing off, inducing, or enabling others to sell or pass off any product as a genuine Monster Energy product or any other product produced by Plaintiff, that is not Plaintiff's or not produced under the authorization, control or supervision of Plaintiff

      and approved by Plaintiff for sale under the MONSTER ENERGY Trademarks and/or the Monster Energy Copyrighted Works;

    d.  committing any acts calculated to cause consumers to believe that Defendants' products are those sold under the authorization, control or supervision of Plaintiff, or are sponsored by, approved by, or otherwise connected with Plaintiff;

    e.  further infringing the MONSTER ENERGY Trademarks and/or the Monster Energy Copyrighted Works and damaging Plaintiff's goodwill; and

    f.  manufacturing, shipping, delivering, holding for sale, transferring or otherwise moving, storing, distributing, returning, or otherwise disposing of, in any manner, products or inventory not manufactured by or for Plaintiff, nor authorized by Plaintiff to be sold or offered for sale, and which bear any of Plaintiff's trademarks, including the MONSTER ENERGY Trademarks, or any reproductions, counterfeit copies or colorable imitations thereof and/or which bear the Monster Energy Copyrighted Works.

2.  Upon Plaintiff's request, any third party with actual notice of this Order who is providing services for any of the Defendants, or in connection with any of the Online Marketplaces, including, without limitation, any online marketplace platforms such as eBay, Inc. ("eBay"), AliExpress, Alibaba Group Holding Ltd., and Alibaba.com Singapore E-Commerce Private Limited (collectively "Alibaba"), Amazon.com, Inc. ("Amazon"), Wish US Holdings LLC ("Wish.com"), Etsy, Inc. ("Etsy), DHgate.com ("DHgate"), WhaleCo Inc. ("Temu"), ByteDance Ltd., TikTok Ltd., TikTok Inc., and TikTok LLC (collectively "TikTok"), and Walmart, Inc. ("Walmart") (collectively, the "Third Party Providers") shall, within seven (7) calendar days after receipt of such notice, provide to Plaintiff

expedited discovery, including copies of all documents and records in such person's or entity's possession or control relating to:

a. the identities and locations of Defendants, their affiliates, officers, agents, servants, employees, confederates, attorneys, and any persons acting in concert or participation with them, including all known contact information and all associated e-mail addresses;

b. the nature of Defendants' operations and all associated sales, methods of payment for services and financial information, including, without limitation, identifying information associated with the Online Marketplaces and Defendants' financial accounts, as well as providing a full accounting of Defendants' sales and listing history related to their respective Online Marketplaces; and

c. any financial accounts owned or controlled by Defendants, including their agents, servants, employees, confederates, attorneys, and any persons acting in concert or participation with them, including such accounts residing with or under the control of any banks, savings and loan associations, payment processors or other financial institutions, including, without limitation, PayPal Inc. ("PayPal"), eBay, Etsy, Alipay, Alibaba, Ant Financial Services Group ("Ant Financial"), Amazon Pay, Wish.com, Walmart, DHgate, Temu, TikTok, or other merchant account providers, payment providers, third party processors, and credit card associations (e.g., MasterCard and VISA).

3. Upon Plaintiff's request, those with notice of the injunction, including the Third Party Providers as defined in Paragraph 2, shall within seven (7) calendar days after receipt of such notice, disable and cease displaying any advertisements used by or associated with Defendants in connection with the sale of counterfeit and infringing goods using the

       MONSTER ENERGY Trademarks and/or which bear the Monster Energy Copyrighted Works.

4. Defendants shall be temporarily and preliminarily restrained and enjoined from transferring or disposing of any money or other of Defendants' assets until further ordered by this Court.

5. Any Third Party Providers, including PayPal, eBay, Alipay, Alibaba, Ant Financial, Wish.com, Walmart, Etsy, DHgate, Temu, TikTok and Amazon Pay, shall within seven (7) calendar days of receipt of this Order:

   a. locate all accounts and funds connected to Defendants and the Seller Aliases and Online Marketplaces, including, but not limited to, any financial accounts connected to the information listed in Schedule A hereto, the e-mail addresses identified in Exhibit 3 to the Declaration of Bruce Kingsland, and any e-mail addresses provided for Defendants by third parties; and

   b. restrain and enjoin any such accounts or funds from transferring or disposing of any money or other of Defendants' assets until further ordered by this Court.

6. Plaintiff is authorized to issue expedited written discovery, pursuant to the Federal Rules of Civil Procedure 33, 34 and 36, related to:

   a. the identities and locations of Defendants, their affiliates, officers, agents, servants, employees, confederates, attorneys, and any persons acting in concert or participation with them, including all known contact information, including any and all associated e-mail addresses; and

   b. the nature of Defendants' operations and all associated sales, methods of payment for services and financial information, including, without limitation, identifying

information associated with the Online Marketplaces and Defendants' financial accounts, as well as providing a full accounting of Defendants' sales and listing history related to their respective Online Marketplaces.

Plaintiff is authorized to issue any such expedited discovery requests via e-mail. Defendants shall respond to any such discovery requests within three (3) business days of being served via e-mail.

7. Plaintiff may provide notice of these proceedings to Defendants, including notice of the preliminary injunction hearing, service of process pursuant to Fed. R. Civ. P. 4(f)(3), and any future motions, by electronically publishing a link to the Complaint, this Order and other relevant documents on a website and by sending an e-mail with a link to said website to an email address for each Defendant. The Clerk of the Court is directed to issue a single original summons in the name of "The Partnerships and all other Defendants identified in the Complaint" that shall apply to all Defendants. The combination of providing notice via electronic publication and/or e-mail, along with any notice that Defendants receive from payment processors, shall constitute notice reasonably calculated under all circumstances to apprise Defendants of the pendency of the action and afford them the opportunity to present their objections.

8. Schedule A to the Complaint [2], Exhibit 3 to the Declaration of Bruce Kingsland [17] and the TRO [24] are unsealed.

9. Any Defendants that are subject to this Order may appear and move to dissolve or modify the Order as permitted by and in compliance with the Federal Rules of Civil Procedure and Northern District of Illinois Local Rules.

10. The ten thousand dollar ($10,000) bond posted by Plaintiff shall remain with the Court until a Final disposition of this case or until this Preliminary Injunction is terminated.

IT IS SO ORDERED.

Date: September 24, 2024

_____
Jeremy C. Daniel
United States District Judge

**Monster Energy Company v. The Partnerships and Unincorporated Associations Identified on Schedule "A" - Case No. 24-cv-7529**

# Schedule A

| | Defendant Online Marketplaces | |
|---|---|---|
| No | URL | Name / Seller Alias |
| 1 | hongdacrafts.en.alibaba.com | Cangnan County Hongda Crafts Co., Ltd. |
| 2 | hawkskygifts1388.en.alibaba.com | Dongguan Chengying Printing And Packaging Co., Ltd. |
| 3 | dayuancap.en.alibaba.com | Dongguan Dayuan Garment Co., Ltd |
| 4 | qixiang1288.en.alibaba.com | Dongguan Qixiang Plastic Products Co., Ltd. |
| 5 | landoceanlanyards.en.alibaba.com | Fuzhou Land-Ocean Co., Ltd. |
| 6 | desent.en.alibaba.com | Hefei Desent International Trade Co., Ltd. |
| 7 | huaianfortune.en.alibaba.com | Huaian Fortune International Co., Ltd. |
| 8 | hbyasoo.en.alibaba.com | Hubei Yasoo Industrial Co., Ltd. |
| 9 | jacksoncarpet.en.alibaba.com | Jackson Carpet (Qingdao) Co., Ltd. |
| 10 | jinggoal.en.alibaba.com | Jinggoal International Limited |
| 11 | buycap.en.alibaba.com | Meijiacheng (Dongguan) Garment Accessories Co., Ltd. |
| 12 | customisedsportswear.en.alibaba.com | Ningbo Ever-Echo Trading Co., Ltd. |
| 13 | xinyugj.en.alibaba.com | Quanzhou Xinyu International Trade Co., Ltd. |
| 14 | cnsrrq.en.alibaba.com | Shangrao Ruiqun Clothing Co., Ltd. |
| 15 | aigoucn.en.alibaba.com | Shenyang Aigou Trading Co., Ltd. |
| 16 | szcxwy.en.alibaba.com | Shenzhen Chengxing Packing & Material Co., Ltd. |
| 17 | jiuweihu.en.alibaba.com | Shenzhen Nine-Tailed Fox Metal Technology Co., Ltd. |
| 18 | xiyuan88.en.alibaba.com | Shenzhen Xiyuan Technology Co., Ltd. |
| 19 | aliexpress.com/store/1102777204 | Car House Store |
| 20 | aliexpress.com/store/1103442150 | LENTOS Car Electronics Store |
| 21 | aliexpress.com/store/1102893986 | Monster Sticker Store |
| 22 | Preliminary Injunction Order [32] | Preliminary Injunction Order [32] |
| 23 | Preliminary Injunction Order [32] | Preliminary Injunction Order [32] |
| 24 | Preliminary Injunction Order [32] | Preliminary Injunction Order [32] |
| 25 | Preliminary Injunction Order [32] | Preliminary Injunction Order [32] |
| 26 | Preliminary Injunction Order [32] | Preliminary Injunction Order [32] |
| 27 | Preliminary Injunction Order [32] | Preliminary Injunction Order [32] |
| 28 | Preliminary Injunction Order [32] | Preliminary Injunction Order [32] |

| | | |
|---|---|---|
| 29 | Preliminary Injunction Order [32] | Preliminary Injunction Order [32] |
| 30 | Preliminary Injunction Order [32] | Preliminary Injunction Order [32] |
| 31 | Preliminary Injunction Order [32] | Preliminary Injunction Order [32] |
| 32 | Preliminary Injunction Order [32] | Preliminary Injunction Order [32] |
| 33 | Preliminary Injunction Order [32] | Preliminary Injunction Order [32] |
| 34 | Preliminary Injunction Order [32] | Preliminary Injunction Order [32] |
| 35 | Preliminary Injunction Order [32] | Preliminary Injunction Order [32] |
| 36 | Preliminary Injunction Order [32] | Preliminary Injunction Order [32] |
| 37 | Preliminary Injunction Order [32] | Preliminary Injunction Order [32] |
| 38 | Preliminary Injunction Order [32] | Preliminary Injunction Order [32] |
| 39 | Preliminary Injunction Order [32] | Preliminary Injunction Order [32] |
| 40 | Preliminary Injunction Order [32] | Preliminary Injunction Order [32] |
| 41 | Preliminary Injunction Order [32] | Preliminary Injunction Order [32] |
| 42 | Preliminary Injunction Order [32] | Preliminary Injunction Order [32] |
| 43 | Preliminary Injunction Order [32] | Preliminary Injunction Order [32] |
| 44 | Preliminary Injunction Order [32] | Preliminary Injunction Order [32] |
| 45 | Preliminary Injunction Order [32] | Preliminary Injunction Order [32] |
| 46 | Preliminary Injunction Order [32] | Preliminary Injunction Order [32] |
| 47 | Preliminary Injunction Order [32] | Preliminary Injunction Order [32] |
| 48 | Preliminary Injunction Order [32] | Preliminary Injunction Order [32] |
| 49 | Preliminary Injunction Order [32] | Preliminary Injunction Order [32] |
| 50 | Preliminary Injunction Order [32] | Preliminary Injunction Order [32] |
| 51 | Preliminary Injunction Order [32] | Preliminary Injunction Order [32] |
| 52 | Preliminary Injunction Order [32] | Preliminary Injunction Order [32] |
| 53 | Preliminary Injunction Order [32] | Preliminary Injunction Order [32] |
| 54 | Preliminary Injunction Order [32] | Preliminary Injunction Order [32] |