UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| Monster Energy Company, | ) |
| | ) |
| Plaintiff, | ) Case No.: 1:24-cv-07529 |
| v. | ) |
| | ) Hon. Judge Jeremy C. Daniel |
| The Partnerships and Unincorporated | ) |
| Associations Identified on Schedule A, | ) Mag. Judge Jeffrey T. Gilbert |
| | ) |
| Defendants. | ) |

**Motion for Extension of Time**

**NOW COME** certain defendants[1] ("Defendants"), by and through their undersigned counsel, and hereby request an extension of time to respond to the Complaint, stating as follows:

1. Defendants were ostensibly not served with process until September 6, 2024. [Dkt. 30].

2. Defendants have been substantively engaged with Plaintiff in settlement negotiations, including the exchange of evidence and offers. Defendants require a short additional time to explore and exhaust the prospect of settlement, or respond to the Complaint if ultimately necessary. Defendants submits that a short extension will not materially prejudice Plaintiff as a relatively short time has passed since the original response deadline, other defendants may be separately defaulted, and a short extension may help avoid unnecessary substantive motion practice.

3. This Court may, for good cause, extend the time by which a defendant's responses are due after the time has expired if a defendant failed to act because of excusable neglect. Fed. R. Civ. P. 6(b)(1)(B). "[U]nder Rule 6(b)(1) as interpreted by case law, the term "good cause" imposes a light burden." McCann v. Cullinan, 2015 WL 4254226, at * 10 (N.D. Ill 2015), *citing*, 1 Moore's Federal Practice § 6.06 [2] p. 632 (Matthew Bender 3d ed. 2013); *See also*, Sec. Ins. Co. of Hartford v. Schipporeit, Inc., 69 F.3d 1377, 1381 (7th Cir. 1995), *citing*, C.K.S. Eng'rs, Inc. v.

---

[1] cineng_tank-moto, fengbao_motor, guangling_motor, shashou_motor, stronger_motor-1, tianqi_moto

White Mountain Gypsum Co., 726 F.2d 1202, 1205 (7th Cir. 1984) ("[I]t is the policy of [the Seventh Circuit] to favor trials on the merits over default judgments."). Moreover, the interests of judicial efficiency may not only be considered good cause under Rule 6, but also forgive a defendant's excusable neglect. *See*, White v. Marshall, 2009 WL 230096, at *3 (E.D. Wis. Jan. 30, 2009); *See also*, Kane v. Fin. of Am. Reverse, LLC, 2018 WL 2001810, at *2 (S.D. Ind. Apr. 30, 2018) (granting extension to file document sixteen days late where delay was minimal, not impactful to the case moving forward, and not prejudicial to the opposing party).

4. Defendants respectfully request this Court extend the date on which Defendants are to have filed response(s) to Plaintiff's Complaint, if ultimately necessary, to November 15, 2024.

5. This motion has been filed in good faith and is not interposed for purposes of delay.

6. This is the first motion for an extension of time filed by Defendants in this case.

7. Plaintiff has indicated that it opposes the requested extension.

**WHEREFORE**, Defendants pray that the Court will enter an order:

a) extending the time for Defendants to respond to Plaintiff's Complaint, if ultimately necessary, until November 15, 2024.

Dated this October 28, 2024

Respectfully Submitted,

/s/Adam E. Urbanczyk
Adam E. Urbanczyk
AU LLC
444 W. Lake St. 17th Floor
Chicago, IL 60606
(312) 715-7312
adamu@au-llc.com
*Counsel for Defendants*