IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| MONSTER ENERGY COMPANY<br><br>                      Plaintiff,<br><br>         v.<br><br>THE PARTNERSHIPS and UNINCORPORATED ASSOCIATIONS IDENTIFIED ON SCHEDULE "A,"<br><br>                      Defendants | Case No. 1:24-cv-07529<br><br>Judge Jeremy C. Daniel |

## DEFENDANT'S MOTION TO VACATE DEFAULT JUDGMENT

Defendant Dongguan Dayuan Garment Co., Ltd. ("Defendant") by and through its undersigned counsel, hereby moves to vacate the default judgment order (ECF 52) dated October 29, 2024 under Article 15 of the Hague Service Convention. This Motion is supported by the Declaration of Qiaoli Xie, Defendant's authorized representative.

Defendant respectfully requests that hearings relating to this motion be conducted through telephonic or virtual hearings, as both the Defendant and the undersigned counsel regularly reside in China.

### BACKGROUND

Plaintiff filed a complaint on August 21, 2024, alleging trademark infringement, false designation of origin, and copyright infringement (ECF 1).

Defendant is a Chinese company with principal place of business in China and operates an online store through Alibaba.com.

Defendant's address is known to Plaintiff in a number of ways. For example, Defendant' address is publicly available on Alibaba.com website. *Qiaoli Xie Declaration ¶ 5*. Defendant

shipped the product in question to Plaintiff from Defendant' address. *Qiaoli Xie Declaration ¶ 7*. As an example, Plaintiff's own screenshot evidence clearly shows Defendant' address (relevant part reproduced below, under "Company Location"). *Qiaoli Xie Declaration ¶ 6*.



Plaintiff's counsel completed service of process by sending one or more e-mails to Defendant on September 17, 2024 (ECF 36).

Plaintiff's counsel moved for default judgment on October 24, 2024 (ECF 42). Default judgment order was entered on October 29, 2024 (ECF 52).

## ARGUMENTS

### I. The Hague Service Convention should apply to the current case because Defendant' address was known, even if Defendant was served by e-mail

"The Hague Service Convention governs the service of process of civil matters among citizens of signatory nations in an attempt to give litigants a reliable, efficient, and standardized means of international service. The Convention does not apply if the defendant's address is 'not known.'" *NBA Properties, Inc. v. P'ships, & Unincorporated Ass'ns Identified on Schedule "A"*, 549 F.Supp.3d 790 (N.D. Ill. 2021), 795-96 (citing Hague Service Convention Art. 1, 20 U.S.T. 361). As stated in the Background section above, Defendant's address was known to Plaintiff in multiple ways and was correctly shown in Plaintiff's own screenshot evidence.

2

Moreover, Article 1 of the Hague Service Convention states: "The present Convention shall apply in ***all cases***, ***in civil or commercial matters***, where there is occasion to transmit a judicial or extrajudicial document for service abroad." (emphasis added).

Therefore, even if Defendant is properly served by e-mail under Fed. R. Civ. P. 4(f)(3), the Hague Service Convention still applies in the current case, because (1) this case involves copyright and trademark infringement (i.e., a "civil or commercial matter") and Defendant was served abroad, the exact type of case that the Hague Service Convention is intended to cover, (2) the plain text of the Hague Service Convention clearly states that "*all cases*" of this type should be governed by the Convention, including the present case and even if electronic service is proper, and (3) while Fed. R. Civ. P. 4(f)(3) and the Hague Service Convention can both apply in the current case, to the extent Fed. R. Civ. P. 4(f)(3) conflicts with the Hague Service Convention, the Convention should prevail, *see U.S. Const. Art. VI cl. 2* ("all Treaties made, or which shall be made, under the Authority of the United States, shall be the supreme Law of the Land").

**II.    The default judgment should be vacated because it does not comply with Article 15 of the Hague Service Convention**

Article 15 of the Hague Service Convention requires that (*emphasis added*):

"Where a writ of summons or an equivalent document had to be transmitted abroad for the purpose of service, under the provisions of the present Convention, and *the defendant has not appeared*, judgment shall not be given until it is established that -
    (a) the document was served by a method prescribed by the internal law of the State addressed for the service of documents in domestic actions upon persons who are within its territory, or
    (b) the document was actually delivered to the defendant or to his residence by another method provided for by this Convention,
    and that in either of these cases the service or the delivery was effected in sufficient time to enable the defendant to defend.

3

> Each contracting State shall be free to declare that the judge, notwithstanding the provisions of the first paragraph of this article, *may give judgment even if no certificate of service or delivery has been received, if all the following conditions are fulfilled -*
> (a) *the document was transmitted by one of the methods provided for in this Convention*,
> (b) *a period of time of not less than six months, considered adequate by the judge in the particular case, has elapsed since the date of the transmission of the document*,
> (c) no certificate of any kind has been received, even though every reasonable effort has been made to obtain it through the competent authorities of the State addressed.
> Notwithstanding the provisions of the preceding paragraphs the judge may order, in case of urgency, any provisional or protective measures."

Here, no certificate of service or delivery has been received, because Defendant was served electronically. In such case, the plain text of Article 15 of the Convention requires that, *inter alia*, (a) transmission of document by one of the methods provided for in this Convention, and (b) at least 6 months should have elapsed from the transmission before a default judgment is entered, *even if* Defendant is properly served electronically. *See Smart Study Co., Ltd. v. Acuteye-Us*, 620 F.Supp.3d 1382, 1401(S.D.N.Y. 2022) ("**even if a party were initially served by email**—a method that is not 'provided for in th[e] Convention'—**the plain text of Article 15 plainly would require a plaintiff to also 'transmit' the documents by a 'method provided for in th[e] Convention' before a court could enter a default judgment**."); *id*. 1400 (citing *Zhang v. Baidu.com Inc.*, 932 F. Supp. 2d 561, 565 (S.D.N.Y. 2013) as stating that "Article 15 states that a judge may give judgment, even if no certificate of service or delivery has been received, if the document was transmitted pursuant to the Convention, **a period of time not less than six months has elapsed**, and no certificate of any kind has been received, even though every reasonable effort has been made to obtain it through the competent authorities") (*emphasis added in bold, internal citations and quotation signs omitted*).

Plaintiff has not transmitted any documents by a method provided in the Hague Service Convention, as Plaintiff only served Defendant electronically, a method not provided in the

4

Convention. Moreover, even if Plaintiff's transmission of summons satisfies the Convention, default judgment order was entered on October 29, 2024 (ECF 52), less than six months from September 17, 2024 when Plaintiff's counsel completed service of process by sending emails to Defendant on (ECF 36).

Therefore, the default judgment against Defendant should be vacated because Article 15 of the Hague Service Convention has not been complied with, even if electronic service is proper. *See Smart Study Co., Ltd.* at 1401 ("Article 15 serves as a metaphorical backstop to ensure that foreign defendants receive notice of a lawsuit prior to the entry of judgment: if a plaintiff fails to transmit documents via a method in the Hague Convention, it cannot collect a judgment.")(citing *Volkswagenwerk Aktiengesellschaft v. Schlun*k, 486 U.S. 694, 705 as stating "Article[ ] 15 ... provide[s] an indirect sanction against those who ignore [the Convention]").

## CONCLUSION

Defendant respectfully requests that the Court vacate the default judgment against Defendant because, even if Defendant was properly served electronically, (1) the Hague Service Convention should apply to the current case as it applies to "all cases, in civil or commercial matters"; and (2) Article 15 of the Hague Service Convention requires (i) transmission of document by one of the methods provided for in the Convention and (ii) at least 6 months from the transmission before a default judgment can be entered, neither of which is satisfied here.

DATED: March 3, 2025

Respectfully submitted,

/s/ Longhao Wang

Longhao Wang
13A, Shun Ho Tower
24-30 Ice House Street
Central, Hong Kong S.A.R.
(718) 200-9474
lwang@lwlegalfirm.com

*Attorney for Defendant*